IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREA FIRKUS,

                 Plaintiff,                            OPINION & ORDER

  v.

                                                        13-cv-773-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                 Defendant.

---

      Plaintiff Andrea Firkus seeks judicial review of a final decision of the Commissioner of Social Security finding her not disabled within the meaning of the Social Security Act. Firkus asserts that remand is necessary because the administrative law judge (ALJ) erred both by failing to accord appropriate weight to a treating source opinion and by improperly assessing her credibility. She also argues that the Appeals Council erred by failing to remand her case so that the ALJ could reconsider her condition with the assistance of Social Security Ruling (SSR) 12-2p. Because the ALJ failed to expressly and carefully consider the factors of 20 C.F.R. § 404.1527(c) in analyzing the opinion of a treating physician, the court will remand the case for further consideration. On remand, the ALJ is also encouraged to reassess Firkus's credibility and consider her fibromyalgia in light of SSR 12-2p.

BACKGROUND

      The procedural and factual background is adequately summarized in the ALJ's written opinion. The court cites the Administrative Record, Dkt. 8, for additional information.

      Firkus has suffered from fibromyalgia, abdominal pain, migraine headaches, restless leg syndrome, cervical spine disorder, mood disorder, adjustment disorder, and depressive disorder.

Her most significant health issues are her fibromyalgia and depression. She had various jobs, but she has not worked since 2003.

In 2007, Firkus applied for disability benefits at age 39, with an alleged onset date of October 10, 2003, and an insurance expiration date of December 31, 2008. Her application was denied. She requested and had a hearing in front of ALJ Sharon L. Turner, who issued an unfavorable decision on November 10, 2009. She appealed that decision and the Appeals Council remanded her case to another ALJ, Arthur J. Schneider, who held a hearing on May 8, 2012. On remand, the Appeals Council instructed ALJ Schneider to: (1) provide a more comprehensive discussion of the impact of Firkus's mental limitations on her residual functional capacity (RFC) to account for her moderate limitations in social functioning and concentration, persistence, or pace; and (2) provide further vocational analysis of past work performed at substantially gainful levels. R. 20. By the second hearing in front of ALJ Schneider, Firkus had amended her onset date to December 1, 2008. On May 24, 2012, ALJ Schneider issued his opinion that Firkus was not disabled.

ALJ Schneider incorporated the findings of the earlier decision to the extent that they were consistent with his own findings. R. 20, 26. He found that Firkus had not engaged in substantial gainful activity between her revised onset date of December 1, 2008, and her date last insured, December 31, 2008. Although the ALJ found that Firkus's fibromyalgia, cervical spine disorder, and depressive disorder were severe impairments, he did not find that they met or medically equaled a listing impairment. R. 22-24. The ALJ also determined that despite her impairments, Firkus had the RFC to perform light work, but was limited to only occasional overhead lifting with both upper extremities. R. 25. He further found that Firkus must avoid hazardous heights and dangerous machinery. *Id.* He found that she was capable of only simple, routine, and repetitive work, and that she was able to understand and carry out only simple

instructions. *Id.* The ALJ found that Firkus was able to respond appropriately to supervisors, coworkers, and the public, but that she was able to adjust to only routine changes in the workplace. *Id.*

As directed by the Appeals Council, the ALJ specifically noted Firkus's challenges with concentration, persistence, or pace in the residual functional capacity analysis by limiting her to simple, routine, and repetitive tasks. He also came to a different conclusion than the first ALJ regarding Firkus's social functioning and her ability to perform her past relevant work, finding that she was unable to do so. R. 29. ALJ Schneider voiced specific concerns about Firkus's credibility and concluded that although she had severe impairments, Firkus's conditions were well controlled with medication. He found that although Firkus was not able to perform her past relevant work, she would be able to perform jobs in the economy. He found that she was therefore not disabled.

The Appeals Council denied Firkus's appeal of that decision on October 23, 2013, making ALJ Schneider's decision the final determination of the Commissioner. Firkus timely sought judicial review in this court under the Social Security Act, 42 U.S.C. § 405(g).

ANALYSIS

Firkus argues that the Appeals Council erred in declining to review ALJ Schneider's decision because he did not have the benefit of a Social Security Ruling on fibromyalgia, which was issued some time later. She also alleges that the ALJ failed to adequately explain why he discounted a treating source opinion and found Firkus less than credible. Although the issues that the Appeals Council had addressed in its remand order related to Firkus's mental limitations, the issues before this court concern her physical limitations related to fibromyalgia.

When a federal court reviews a final decision by the Commissioner of Social Security, the Commissioner's findings of fact are "conclusive" so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The reviewing court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). However, a reviewing "court must conduct a critical review of the evidence before affirming the [C]ommissioner's decision, and the decision cannot stand if it lacks evidentiary support or is so poorly articulated as to prevent meaningful review." *Hemminger v. Astrue*, 590 F. Supp. 2d 1073, 1079 (W.D. Wis. 2008) (internal citations omitted). To provide the necessary support for a decision to deny benefits, the ALJ must "build an accurate and logical bridge from the evidence to [his] conclusion." *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001).

**A.  Social Security Ruling 12-2p**

Two months after ALJ Schneider issued his decision on May 24, 2012, the Social Security Administration issued SSR 12-2p. SSR 12–2p; Titles II and XVI: Evaluation of Fibromyalgia, 77 Fed. Reg. 143 (proposed Jul. 25, 2012). SSR 12-2p provides guidance on how to evaluate fibromyalgia. Firkus argues that because the Ruling went into effect while the Appeals Council was considering her second appeal, the Appeals Council should have remanded the case so that the ALJ could reconsider Firkus's condition with the benefit of the Ruling. She argues that this court should review the Appeals Council's denial of review de novo as an error of law. *Keys v. Barnhart*, 347 F.3d 990, 993 (7th Cir. 2003) ("we can review an erroneous application of regulations by the [Appeals] Council" for legal error.).

4

Social Security regulations provide the grounds upon which the Appeals Council may review an ALJ's decision. 20 C.F.R. § 404.970. But the regulations do not require the Appeals Council to review an ALJ decision for failure to consider a regulation that did not exist at the time the decision was issued. So when the Appeals Council declined to review an ALJ decision for that very reason, it was acting within the bounds of § 404.970, and was not misapplying the regulation. Therefore, the court does not hold that the Appeals Council committed an error of law.

Absent an error of law, the Appeals Council had the unreviewable discretion whether to review ALJ Schneider's decision. *Farrell v. Astrue*, 692 F.3d 767, 771 (7th Cir. 2012) ("[the Appeals] Council's decision whether to review is discretionary and unreviewable.") (citations omitted). Additionally, Firkus has not pointed to any new principles in SSR 12-2p that would have significantly changed the ALJ's review. Accordingly, the Appeals Council's decision is not a basis for remanding this case. However, because this case will be remanded for other reasons, the ALJ will have the opportunity to consider SSR 12-2p when evaluating Firkus's fibromyalgia.

**B. Credibility**

Firkus argues that ALJ Schneider also erred in finding that she was not fully credible. Because the court is remanding this case for other flaws, it need not decide whether the ALJ's credibility determination was also reversible error. *See Scott v. Astrue*, 647 F.3d 734, 741 (7th Cir. 2011). "An ALJ is in the best position to determine the credibility of witnesses," and the court will uphold his credibility determination unless it was patently wrong. *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008); *see also Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010) (providing that judicial review of an ALJ's credibility determination is deferential and upheld unless it is patently wrong). An ALJ's decision is not patently wrong if the ALJ "consider[ed] the

entire case record and g[a]ve specific reasons for the weight given to the individual's statements." *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009).

The ALJ pointed out several specific inconsistencies within Firkus's own reports of pain. R. 27. He also noted that she failed to follow through on recommended treatments. R. 26. Given his reasoning and explanation, the court does not find the ALJ's credibility determination is not patently wrong. However, because the case will be remanded for other reasons, reconsideration of other aspects of the case and reevaluation of the medical evidence may affect the credibility determination. Therefore, the ALJ is encouraged to revisit the credibility determination on remand.

## C. Treating source opinion

Firkus did not submit new medical opinion evidence into the record following the 2009 decision. Instead, her treating doctor, Carol Rave, MD, submitted a letter explaining that her previously submitted medical opinion was still accurate. R. 28. But Firkus did submit new medical records for consideration. Although Firkus argues that "the ALJ never even bothered to examine" these records, Dkt. 14, at 30, ALJ Schneider's decision demonstrates that he did review and consider them.[1] He noted that none of the new records were dated before Firkus's insurance expired, and that they did not support the conclusion that Firkus was more limited than the RFC indicated. R. 26.

ALJ Schneider did not assess the weight of Dr. Rave's opinion himself. He simply noted Dr. Rave's letter and the fact that the Appeals Council had not remanded the case on that specific issue, and so he incorporated ALJ Turner's analysis into his own decision. *Id.* Thus, the

---

[1] The court notes that one of the records that Firkus cites as Dr. Carol Rave's opinion was not created by her treating doctor. R. 987-90. Rather it is the opinion of a different doctor with the same last name.

operative appraisal of Dr. Rave's opinion is that of ALJ Turner. In the earlier opinion, ALJ Turner accorded Dr. Rave's opinion "lesser weight" because Dr. Rave filled out the disability forms with Firkus and based them on Firkus's subjective complaints. R. 142. ALJ Turner also noted that Firkus's pain was well controlled with medication. *Id.*

The first problem with this assessment is that fibromyalgia is often based only on subjective complaints; it does not necessarily have objectively measurable manifestations. *Hawkins v. First Union Corp. Long-Term Disability Plan*, 326 F.3d 914, 916 (7th Cir. 2003) ("[Fibromyalgia's] symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia.") (citations omitted). Further, the ALJ does not explain what is problematic about a doctor completing the form with her patient.

But the more serious problem with ALJ Turner's analysis is her failure to apply the required factors to evaluate Dr. Rave's opinion and decide how much weight to assign it. An ALJ must give controlling weight to the opinion of a treating source unless the opinion is unsupported by medical evidence or is inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c). If an ALJ declines to give controlling weight to a treating source opinion, she must determine what lesser weight it deserves based on a number of factors and she must explain her reasoning. *Scrogham v. Colvin*, 765 F.3d 685, 697 (7th Cir. 2014); § 404.1527(c). Those factors include: (1) whether the doctor has an examining relationship with the plaintiff; (2) whether the doctor has a treating relationship with the plaintiff, which also incorporates the length, nature, and extent of the relationship; (3) how well supported the doctor's opinion is by relevant evidence; (4) how consistent the doctor's opinion is with the record as a whole; (5) whether the doctor has a relevant specialization; and (6) any other factors that tend to support or contradict the opinion. § 404.1527(c).

In her 2009 opinion, ALJ Turner explained that Dr. Rave's opinion was inconsistent with her own treatment notes and examination results. R. 142-43. This is a valid reason for discounting an opinion. But ALJ Turner neglected to analyze the remaining factors. She did not address the fact that Dr. Rave had a longstanding treating relationship with Firkus. And she failed to explain why, despite that extensive relationship, the opinions of non-examining medical experts and state agency consultants outweighed Dr. Rave's opinion. Her failure to adequately consider the factors and explain her reasoning warrants remand. *Scrogham*, 765 F.3d at 697-98. On remand, the ALJ should determine whether Dr. Rave's opinion is entitled to controlling weight as a treating source opinion. If it is not, the ALJ must determine what lesser weight to give it and explain why by applying the factors.

ORDER

IT IS ORDERED that:

1. The decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Andrea Firkus's application for disability insurance benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

2. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered March 24, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge